**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MYRIAM MURPHY, ) | |
| ) | CASE NO.: 13-CV-4685 |
| Plaintiff, ) | |
| ) | Judge Robert M. Dow, Jr. |
| v. ) | |
| ) | |
| FT TRAVEL MANAGEMENT, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Myriam Murphy filed this complaint alleging race, color, and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Defendant moves to dismiss Plaintiff's complaint for lack of standing and judicial estoppel because Plaintiff failed to list her pending claims on her Chapter 7 bankruptcy petition. For the reasons set forth below, the Court grants Defendant's motion to dismiss [21] and dismisses this case with prejudice.

**I.   Background**

On August 22, 2012, Plaintiff initiated an administrative proceeding by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against her former employer, Defendant FT Travel Management, LLC, alleging race, color, and national origin discrimination. Plaintiff was represented by the law firm RothMelei in her EEOC proceeding.

On November 9, 2012, Plaintiff filed for Chapter 7 bankruptcy. Plaintiff again hired the law firm RothMelei to handle the bankruptcy. As part of Plaintiff's bankruptcy petition, in Schedule B – Personal Property, paragraph number 21, Plaintiff was required to list all "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the

1

debtor, and rights to setoff claims." Plaintiff stated that she had no such claims and did not list her recently filed EEOC claim. Also, under the section entitled "Statement of Financial Affairs," Plaintiff was required to list all suits and administrative proceedings that she is or was a party to within one year prior to filing her bankruptcy case. Plaintiff only listed a wage garnishment claim that was filed against her by Midland Funding LLC. Plaintiff failed to list her EEOC charge as an asset in this section. Plaintiff signed several declarations stating under penalty of perjury that the information in the bankruptcy petition and other bankruptcy filings was true and correct. On February 20, 2013, the Bankruptcy Court ordered a discharge of Plaintiff's debt, which totaled $227,106.75.

On April 8, 2013, the EEOC dismissed Plaintiff's charge and issued a right to sue notice to Plaintiff. On June 27, 2013, Plaintiff submitted a complaint in federal court alleging the same claims of discrimination that were in her EEOC charge. She initially moved to appear *in forma pauperis* and have counsel appointed, but the Court denied those motions on July 10, 2013. Thereafter, RothMelei appeared on Plaintiff's behalf in this action, the filing fee was paid, and Plaintiff's form complaint, the same one that she submitted *pro se*, was filed. Plaintiff's counsel did not request leave to amend Plaintiff's original complaint.

## II.     Legal Standard

Whether a plaintiff has standing to bring a lawsuit is a jurisdictional requirement that may be challenged through a motion made pursuant to Federal Rule of Civil Procedure 12(b)(1). When deciding a motion to dismiss for lack of standing, the Court accepts as true all material allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). There are two types of 12(b)(1) challenges – factual and facial – and they have a "critical difference." *Apex Digital Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). When a defendant argues that "the plaintiffs'

2

complaints, even if true, were purportedly insufficient to establish injury-in-fact," the challenge is a facial one. *Id.* at 443-44. "Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently *alleged* a basis of subject matter jurisdiction." *Id.* at 443 (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Factual challenges, however, lie "where 'the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction.'" *Id.* (citing *United Phosphorus, Ltd. v. Angus Chem. Co.*, 332 F.3d 942, 946 (7th Cir. 2003)). Courts may look beyond the complaint only when a defendant brings a factual attack against jurisdiction, such as a claim that a plaintiff lacks standing. *Id.* Here, Defendant brings a factual attack against jurisdiction, and thus the Court looks to the documents attached to Defendant's motion, which are all related to Plaintiff's bankruptcy filing and which are matters of public record. See also *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n.1 (7th Cir. 2012) (in ruling on a motion to dismiss, courts can consider "information that is subject to proper judicial notice"); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (holding that district court may take judicial notice of matters of public record, including public court documents, when considering a motion to dismiss).

To the extent that Defendant's judicial estoppel arguments fall more appropriately in the realm of Rule 12(b)(6), the standard is familiar: in reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in a plaintiff's complaint and draws all reasonable inferences in her favor. *Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007). To avoid dismissal, a plaintiff must plead sufficient facts to state a claim of relief that is plausible on its face. See *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009); *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, (2007).

**III.     Analysis**

Defendant contends that this lawsuit should be dismissed because Plaintiff's claims are the property of her Chapter 7 bankruptcy estate and thus she does not have standing to bring this lawsuit.  Defendant also maintains that judicial estoppel forecloses the action.  Plaintiff does not address any of the authority cited in Defendant's motion to dismiss.

A plaintiff must have standing in order for the Court to entertain her suit.  See *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443 (7th Cir. 2009) (citing *Warth v. Seldin,* 422 U.S. 490, 498 (1975)).  When a debtor files a bankruptcy petition, generally all of his or her property becomes property of the estate.  See *Matter of Yonikus,* 996 F.2d 866, 869 (7th Cir. 1993) (abrogated on other grounds by *Law v. Siegel*, 134 S.Ct. 1188, 1196 (U.S. Mar. 4, 2014)).  The Bankruptcy Code defines property to include all of the debtor's legal and equitable interests. See 11 U.S.C. § 541; see also *Yonikus,* 996 F.2d at 869.  This includes causes of action.  See *In re Polis,* 217 F.3d 899, 901 (7th Cir. 2000) ("Although a cause of action is perhaps not 'personal property' in the usual sense, the definition in the Bankruptcy Code of property belonging to the debtor's estate as including (with irrelevant exceptions) "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), has uniformly been interpreted to include causes of action * * *.").  Therefore, once a party files a Chapter 7 petition, only the trustee for the bankruptcy estate has the capacity to sue or be sued.  See *Cable v. Ivy Tech State College,* 200 F.3d 467, 472 (7th Cir. 1999) (citing *In re New Era, Inc.,* 135 F.3d 1206, 1209 (7th Cir. 1998)).

The only way that a debtor can then assert a claim in her own name that arose prior to the filing of the petition is if the trustee abandons the debtor's claims. If this happens, title to the

4

claim reverts to the debtor as if the debtor "had owned them continuously and the bankruptcy never happened." *Matthews v. Potter,* 316 Fed. Appx. 518, 521–22 (7th Cir. 2009) (citing COLLIER ON BANKRUPTCY, ¶ 554.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)); see also 11 U.S.C. § 554. The question then is whether abandonment cannot occur if the debtor fails to disclose the claim to the trustee.

On August 22, 2012, Plaintiff and her attorney filed a charge at the EEOC. Just a few months later, on November 9, 2012, Plaintiff and the same attorney filed a Chapter 7 petition in bankruptcy court. Plaintiff claims that the bankruptcy trustee orally waived his right to sue and allowed her to bring this complaint on her own. See Pl.'s Resp. at ¶¶ 2-4. Abandonment of the property of the estate is governed by the Bankruptcy Code and can occur in the following ways:

1. After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate;

2. On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate; and

3. * * * any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of the case is abandoned to the debtor * * *.

See 11 U.S.C § 554 (a), (b) & (c); *Aspling v. Ferrall*, 232 Ill. App. 3d 758, 767 (1992). "[P]roperty of the estate that is not abandoned under this section and that is not administered in this case remains property of the estate." 11 U.S.C. § 554 (d).

Plaintiff has not alleged nor presented evidence (as she could have to refute Defendant's 12(b)(1) factual attack) that the trustee formally abandoned Plaintiff's claims in this action. Here, Plaintiff never even disclosed the claim (which she clearly knew about, since she filed with the EEOC just prior to filing for bankruptcy) on her bankruptcy petition and thus the trustee could

5

not have formally abandoned the claim.[1] The bankruptcy docket does not reflect any notice of abandonment and the trustee never requested a hearing on abandonment of the claims with the bankruptcy court. Nor did Plaintiff, or any other person in interest, request a hearing in which to seek an order from the bankruptcy court requiring the trustee to abandon the claim.

Additionally, because the pending EEOC charge was never disclosed as scheduled property under section 521(a)(1) of the Bankruptcy Code, it does not appear as if the claims were automatically abandoned when Plaintiff's bankruptcy case closed. Stated another way, in failing to disclose her pending EEOC claim in her bankruptcy petition, Plaintiff never even gave her trustee the opportunity to abandon or "waive" the claim. And if the claims were not formally abandoned by the bankruptcy trustee and remain property of the estate, it is clear that Plaintiff lacks standing to bring her Title VII claims.

The Court's conclusion regarding abandonment is derived essentially from first principles—that is, how can the trustee affirmatively abandon a claim that she does not know exists? Seventh Circuit authorities are unambiguous that only a Chapter 7 trustee (and not a debtor) will have standing to bring a pre-bankruptcy claim while the bankruptcy case remains open. See *Matthews v. Potter,* 316 Fed. Appx. 518, 521(7th Cir. 2009) ("The trustee may abandon a legal claim, but until then only the trustee, as the real party in interest, has standing to sue."); see also *Biesek v. Soo Line R.R. Co.,* 440 F.3d 410, 413 (7th Cir. 2006) (criticizing the application of judicial estoppel principles when a bankruptcy proceeding is still ongoing, noting that it would hurt the bankruptcy creditors, who otherwise might benefit from a valid claim). But admittedly the law is not so clear that this result should apply once the bankruptcy proceedings have terminated. Some courts say that a claim remains with the estate into perpetuity unless

---

[1] In the case where a trustee abandons property, the trustee will file a Notice of Abandonment to notify creditors of the intent not to liquidate the property of the bankruptcy estate to meet the debt obligation. By filing this notice, the trustee is formally giving control of the property back to the debtor and any other creditor that may have an interest in the property.

affirmatively abandoned by the trustee. See, *e.g., Nehmelman v. Penn Nat. Gaming, Inc.,* 790 F. Supp. 2d 787, 791 (N.D. Ill. 2011); *Calvin v. Potter,* 2009 WL 2588884, at *2 (N.D. Ill. Aug. 20, 2009). If this is the case, Plaintiff lacks standing. However, others disagree and view the closing of the bankruptcy estate to be an act that effectively constitutes abandonment. See *Cannon–Stokes v. Potter,* 453 F.3d 446, 448 (7th Cir. 2006); see also *Williams v. Hainje,* 375 Fed. Appx. 625, 627–28 (7th Cir. 2010). This does not mean that a Chapter 7 debtor can "hide" pre-bankruptcy claims when he or she files, wait until his or her case is closed, and then pursue those claims. But, as also argued by Defendant, a different doctrine—judicial estoppel—will apply to bar the pre-bankruptcy claims in that situation. See *Cannon–Stokes*, 453 F.3d at 448.[2]

The Court need not definitively resolve the waiver issue in this case, for even if Plaintiff's waiver argument could get her over the threshold standing inquiry, she unquestionably is judicially estopped from litigating the claims. The Seventh Circuit repeatedly has held that "a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006); see also *Kimble v. Donahoe,* 2013 WL 675405, *2 (7th Cir. 2013) ("By omitting her administrative charge against [the employer], [the plaintiff] represented that she had no claim against [her employer] at the time of her Bankruptcy, and she is estopped from arguing otherwise in a subsequent case."). Thus, even if the trustee "waived" any interest in this litigation—as Plaintiff claims—the Seventh Circuit has been clear that Plaintiff still cannot pursue this claim for herself:

---

[2] At least one court has read these 2006 decisions as establishing the following rule: when a bankruptcy proceeding is open, standing principles operate to bar a debtor from pursuing a pre-bankruptcy claim. By contrast, if the bankruptcy case has been closed, then the trustee will be deemed to have abandoned the claim, and the judicial estoppel doctrine may apply, provided that its various elements are met. See *Canen v. U.S. Bank Nat. Ass'n*, 913 F. Supp. 2d 657, 663-66 (N.D. Ind. 2012) (affirmed by *Canen v. U.S. Bank Nat. Ass'n*, --- Fed. Appx. ---, 2014 WL 685207 (7th Cir. Feb. 24, 2014)); see also *Williams,* 375 Fed.Appx. at 627.

7

> That is what has happened here: the trustee abandoned any interest in this litigation, so the creditors are out of the picture and we must decide whether Cannon-Stokes may pursue the claim for her personal benefit * * * *
>
> *The answer is no*, as the other circuits (cited above) have concluded. "By making [litigants] choose one position irrevocably, the doctrine of judicial estoppel raises the cost of lying." *Chaveriat v. Williams Pipe Line Co.,* 11 F.3d 1420, 1428 (7th Cir. 1993). A doctrine that induces debtors to be truthful in their bankruptcy filings will assist creditors in the long run (though it will do them no good in the particular case)—and it will assist most debtors too, for the few debtors who scam their creditors drive up interest rates and injure the more numerous honest borrowers. Judicial estoppel is designed to "prevent the perversion of the judicial process," *In re Cassidy,* 892 F.2d 637, 641 (7th Cir.1990), a fair description of the result if we were to let [plaintiff] conceal, for her personal benefit, an asset that by her reckoning is three times the value of the debts she had discharged. It is impossible to believe that such a sizeable claim—one central to her daily activities at work—could have been overlooked when [plaintiff] was filling in the bankruptcy schedules. And if [plaintiff] were really making an honest attempt to pay her debts, then as soon as she realized that it *had* been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery. [Plaintiff] never did that; she wants every penny of the judgment for herself.

*Cannon-Stokes v. Potter*, 453 F.3d at 448.

Here, there is no dispute that Plaintiff failed to formally disclose the existence of the discrimination claims that she now asserts to the bankruptcy court or her creditors. The signature on the bankruptcy schedule is Plaintiff's. The representation that she made was false. She obtained the benefit of a discharge, and, as far as the Court can tell, she has never tried to make the creditors whole. "Now she wants to contradict herself in order to win a second case. Judicial estoppel blocks any attempt to realize on this claim for her personal benefit." *Cannon-Stokes,* 453 F.3d at 449. Plaintiff's failure to disclose her administrative claim as an asset during the entirety of her bankruptcy proceedings is fatal to her current lawsuit. Whether standing (likely) or judicial estoppel (certainly) bars her claim is a technical point; the bottom line is that she cannot proceed with this lawsuit.

**IV.     Conclusion**

For these reasons, the Court grants Defendant's motion to dismiss [21] and dismisses this case.

Dated:  May 14, 2014                                         _____
                                                             Robert M. Dow, Jr.
                                                             United States District Judge

9